## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**1135 Route 202, Greene, ME 04236** |
| **Toby L. Bisson and Angela K. Bisson** | **Mortgage:**<br>**July 18, 2006**<br>**Book 6869, Page 16**<br>**Androscoggin County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Toby L. Bisson and Angela K. Bisson, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, in which the Defendants, Toby L. Bisson and Angela K. Bisson, are the obligors and the total amount owed under the terms of the Note is Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3 is a National Association with its principal/main place of business located at 111 Southwest Fifth Avenue, Portland, OR 34588.

5. The Defendant, Angela K. Bisson, is a resident of Greene, County of Androscoggin and State of Maine.

6. The Defendant, Toby L. Bisson, is a resident of Greene, County of Androscoggin and State of Maine.

## FACTS

7. On August 8, 2002, by virtue of a Warranty Deed from Willis R. Ethridge and Sandra J. Ethridge, which is recorded in the Androscoggin County Registry of Deeds in **Book 5080, Page 323**, the property situated at 1135 Route 202, City/Town of Greene, County of Androscoggin, and State of Maine, was conveyed to Toby L. Bisson and Angela K. Bisson, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 18, 2006, Defendants, Toby L. Bisson and Angela K. Bisson, executed and delivered to Fieldstone Mortgage Company a certain Note under seal in the amount of $199,750.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on July 18, 2006, Defendants, Toby L. Bisson and Angela K. Bisson, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for Fieldstone Mortgage Company its successors and assigns, securing the property located at 1135 Route 202, Greene, ME 04236 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6869**, **Page 16**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank National Association, as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificates, Series 2006-HE3 by virtue of an Assignment of Mortgage dated November 1, 2013, and recorded in the Androscoggin County Registry of Deeds in **Book**

**8810**, **Page 347**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificates, Series 2006-HE3 by virtue of a Quitclaim Assignment dated June 1, 2022, and recorded in the Androscoggin County Registry of Deeds in **Book 11125**, **Page 45**.  *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3 by virtue of an Assignment of Mortgage dated July 20, 2023, and recorded in the Androscoggin County Registry of Deeds in **Book 11410**, **Page 49**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On May 17, 2024, the Defendants, Toby L. Bisson and Angela K. Bisson, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Toby L. Bisson and Angela K. Bisson, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

15. The Defendants, Toby L. Bisson and Angela K. Bisson, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. The total debt owed under the Note and Mortgage as of September 6, 2024, is Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars, which includes:

| Description | Amount |

| Principal Balance | $268,721.36 |
| Interest | $26,144.68 |
| Unpaid Late Charges | $172.29 |
| Escrow Advance | $12,921.65 |
| Loan Level Advance Balance | $1,993.15 |
| Grand Total | $309,953.13 |

20. Upon information and belief, the Defendants, Toby L. Bisson and Angela K. Bisson, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 1135 Route 202, Greene, County of Androscoggin, and State of Maine. *See* Exhibit A.

23. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition

Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, has the right to foreclosure and sale upon the subject property.

24. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendants, Toby L. Bisson and Angela K. Bisson, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2022, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of September 6, 2024, is Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars.

27. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendants, Toby L. Bisson and Angela K. Bisson's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

29. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Toby L. Bisson and Angela K. Bisson, on May 17, 2024, evidenced by the Certificate of Mailing. *See* Exhibit G.

30. The Defendants, Toby L. Bisson and Angela K. Bisson, are not in the Military as evidenced by the attached Exhibit H.

31. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

32. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. On July 18, 2006, the Defendants, Toby L. Bisson and Angela K. Bisson, executed under seal and delivered to Fieldstone Mortgage Company a certain Note in the amount of $199,750.00. *See* Exhibit B.

34. The Defendants, Toby L. Bisson and Angela K. Bisson, are in default for failure to properly tender the August 1, 2022, payment and all subsequent payments. *See* Exhibit G.

35. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Toby L. Bisson and Angela K. Bisson.

36. The Defendants, Toby L. Bisson and Angela K. Bisson, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

37. The Defendants, Toby L. Bisson and Angela K. Bisson's, breach is knowing, willful, and continuing.

38. The Defendants, Toby L. Bisson and Angela K. Bisson's, breach has caused Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

39. The total debt owed under the Note and Mortgage as of September 6, 2024, if no payments are made, is Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars.

40. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

41. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendants, Toby L. Bisson and Angela K. Bisson, entered into a written contract with Fieldstone Mortgage Company who agreed to loan the amount of $199,750.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Toby L. Bisson and Angela K. Bisson, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is the proper holder of the Note and successor-in-interest to Fieldstone Mortgage Company and has performed its obligations under the Note and Mortgage.

46. The Defendants, Toby L. Bisson and Angela K. Bisson, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2022, payment and all subsequent payments. *See* Exhibit G.

47. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Toby L. Bisson and Angela K. Bisson.

48. The Defendants, Toby L. Bisson and Angela K. Bisson, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

49. The Defendants, Toby L. Bisson and Angela K. Bisson, are indebted to U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3 in the sum of Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars, for money lent by the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, to the Defendants.

50. Defendants, Toby L. Bisson and Angela K. Bisson's, breach is knowing, willful, and continuing.

51. Defendants, Toby L. Bisson and Angela K. Bisson's, breach has caused Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of September 6, 2024, if no payments are made, is Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13) Dollars.

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

54. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

55. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Fieldstone Mortgage Company, predecessor-in-interest to U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, loaned the Defendants, Toby L. Bisson and Angela K. Bisson, $199,750.00. *See* Exhibit B.

57. The Defendants, Toby L. Bisson and Angela K. Bisson, have failed to repay the loan obligation.

58. As a result, the Defendants, Toby L. Bisson and Angela K. Bisson, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3 as successor-in-interest to Fieldstone Mortgage Company by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders

of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is entitled to relief.

60. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, upon the expiration of the period of redemption;

d) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, are in breach of the Note by failing to make payment due as of August 1, 2022, and all subsequent payments;

e) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, are in breach of the Mortgage by failing to make payment due as of August 1, 2022, and all subsequent payments;

f) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2022 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Toby L. Bisson and Angela K. Bisson have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, to restitution;

k) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, are liable to the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, for money had and received;

l) Find that the Defendants, Toby L. Bisson and Angela K. Bisson, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Toby L. Bisson and Angela K. Bisson, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, is entitled to restitution for this benefit from the Defendants, Toby L. Bisson and Angela K. Bisson;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Toby L. Bisson and Angela K. Bisson, and in favor of the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee as Successor-in-Interest to U.S. Bank National Association, as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through Certificate Series 2006-HE3, in the amount of Three Hundred Nine Thousand Nine Hundred Fifty-Three and 13/100 ($309,953.13 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.


Respectfully Submitted,
U.S. Bank Trust Company, National
Association, as Trustee as Successor-in-
Interest to U.S. Bank National Association, as

Trustee on behalf of the holders of the J.P.
Morgan Mortgage Acquisition Trust 2006-
HE3 Asset Backed Pass-Through Certificate
Series 2006-HE3,
By its attorneys,

Dated: September 12, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com